NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JERMAINE MITCHELL, | : |
| Petitioner | : Civ. No. 23-13003 (RMB) |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA, | : |
| Respondent | : |

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

*Pro Se* Petitioner Jermaine Mitchell ("Petitioner"), a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1), collaterally attacking his conviction and sentence imposed by the United States District Court, District of Maine. *See United States v. Benton, et al.*, Criminal Action No. 1:15-cr-00040-JAW-3 (D. Me).[1]

For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction.

**I.     THE PETITION**

According to the docket in Petitioner's criminal proceeding, Petitioner was found guilty by a jury of violating 18 U.S.C. § 846, §§ 841(a), 841(b)(1)(A), for

---

[1] Available at Public Access to Court Electronic Records, www.pacer.gov. The Court will cite the docket as "Crim. Action No. 15-40."

conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base. (Crim. Action No. 15-40, Dkt. No. 520.) On February 15, 2017, the Honorable John A. Woodcock Jr. entered judgment and imposed a 260-month sentence. (*Id.*, Dkt. No. 691.) Petitioner appealed (Dkt. No. 693), and on September 11, 2018, the First Circuit Court of Appeals affirmed the conviction and sentence. (*Id.*, Dkt. Nos. 744-45.) On April 29, 2019, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (*Id.*, Dkt. No. 764.) On May 19, 2020, Petitioner's § 2255 motion was denied. (*Id.*, Dkt. No. 819.) Petitioner appealed, and on April 22, 2021, the First Circuit Court of Appeals determined that Petitioner was not entitled to a certificate of appealability and dismissed his appeal. (*Id.*, Dkt. No. 858.) On December 14, 2023, Petitioner filed a Rule 60(b)(4) motion to void judgment of the order denying his § 2255 motion. (*Id.*, Dkt. No. 917.) The Rule 60(b)(4) motion remains pending in Petitioner's sentencing court, where he raises a similar claim to that alleged in his § 2241 petition, that the trial court lacked subject matter jurisdiction under 18 U.S.C. § 3231 because "the charging instrument did not allege acts constituting an offense or violation against the laws of the United States." (*Id.*)

## II.   DISCUSSION

This matter is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Rule 4 provides

---

[2] The Rules Governing Section 2254 Cases in the United States District Courts are

that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition.

"Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences." *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (citation omitted). The sole legislative purpose was to reroute federal prisoners' collateral attacks to their sentencing courts, based on serious administrative problems with determining § 2241 habeas petitions in federal prisoners' districts of confinement. *Id.* at 473-74. Congress, however, preserved the habeas remedy under § 2241 with the saving clause of § 2255(e), for situations where "the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention." *Id.* at 474 (quoting § 2255(e)). In *Jones*, the Supreme Court recently held that the second or successive provisions in § 2255(h) provide the only bases for federal prisoners to bring second or successive collateral attacks on their convictions and sentences. *Id.* at 480. If a collateral attack does not fit within those provisions, the federal prisoner may not bring the claim at all. (*Id.*) Therefore, this Court lacks jurisdiction under § 2241 over Petitioner's collateral attack on his conviction and sentence, which this Court construes as a second or successive § 2255 motion. Because a similar claim is pending before Petitioner's sentencing court in a Rule

---

applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

60(b)(4) motion, this Court will not transfer the petition, to cure want of jurisdiction under 28 U.S.C. § 1631, to the First Circuit Court of Appeals for a determination of whether the petition may proceed as a second or successive § 2255 motion.

Pursuant to 28 U.S.C. § 2253(c)(1)(B), a petitioner must be granted a certificate of appealability before "an appeal may [] be taken to the court of appeals from-- … the final order in a proceeding under section 2255." A certificate of appealability may issue upon the petitioner's "substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not disagree with this Court's decision that it lacks jurisdiction under § 2241 over Petitioner's collateral attack on his conviction and sentence in the United States District Court, District of Maine. The Court will deny Petitioner a certificate of appealability.

## III. CONCLUSION

For the reasons discussed above, the Court will dismiss the § 2241 petition for lack of jurisdiction.

An appropriate order follows.

**Dated:** <u>**January 23, 2024**</u>

                                        <u>s/Renée Marie Bumb</u>
                                        **RENÉE MARIE BUMB**
                                        **Chief United States District Judge**